UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

FELIPE HIGADERA,

                                                                                   No. 11-11315 t13

      Debtor.

## MEMORANDUM OPINION

In this contested matter the Court must decide whether Debtor's objection to Vanderbilt Mortgage and Finance, Inc.'s ("VMF's") amended proof of claim, filed September 23, 2011, claim 1-3 (the "Proof of Claim") is well taken. Debtor argues that VMF has not proved ownership of the claim.[1] To resolve the dispute, VMF filed a motion for summary judgment on December 15, 2011, doc. #55 (the "Motion"). Debtor's responded January 18, 2012 (the "Response"), and VMF replied in support on January 26, 2012, doc. #60 (the "Reply").[2]

This is a core matter, and the Court may enter a final order. The Court received and reviewed briefs, affidavits, and documents submitted by the parties in support of their positions. Being sufficiently advised, the Court grants the Motion for the reasons set forth below.

                I.          VMF'S EVIDENTIARY SUPPORT FOR THE MOTION

VMF submitted the following documents in support of its position:

- A copy of the Consumer Loan Note and Security Agreement (the "Note"), signed by Debtor;

---

[1] Debtor did not object to the claim amount ($13,403.28). Of this amount, the Court previously determined that $12,000 was secured. Order Granting Motion for Valuation of Collateral Held by Vanderbilt Mortgage and Finance, Inc., entered July 18, 2011, doc. 31.

[2] Pursuant to Fed.R.Civ.P. 56(e), the Court ordered VMF to supplement its Motion to address certain matters. VMH filed a supplement on October 12, 2012, doc. 64 ("VMF Supplement"). Debtor filed his response November 13, 2012, doc. 65 ("Debtor Supplement").

- A copy of the New Mexico certificate of title issued July 17, 2007, showing VMF as the first lienholder;

- A copy of Insurance Declarations from February 2007 through February 2012, showing VMF as a lienholder and an additional insured;

- A copy of a page of Debtor's payment history, showing payments to VMF from August 8, 2006 through February 6, 2010;

- A copy of a Purchase and Sale Agreement dated as of December 6, 2004 among Chase Manhattan Bank USA, N.A. ("Chase"), JPMorgan Chase Bank, and Homesales, Inc., as seller; Chase Manhattan Mortgage Corp. ("CMMC") as servicer; and VMF as buyer (the "Purchase Agreement");

- A copy of one page of the final Schedule of Contracts (the "Schedule") referred to in, inter alia, pp. 5 and 6 of the Purchase Agreement. The page (the "Schedule Excerpt") lists and describes the Loan;

- A copy of the Final Closing Schedule for the transactions contemplated under the Purchase Agreement;

- A copy of a power of attorney signed by Chase in favor of VMF;

- A copy of a power of attorney signed by Chase Home Finance, LLC, successor by merger to CMMC, in favor of VMF; and

- A copy of a Blanket Assignment and Bill of Sale dated December 30, 2004.

Motion, Ex. B. VMF also submitted the following affidavit testimony in support of its position:

- The original Note is in VMF's possession;[3]

- Chase sold the Loan to VMF (along with 102,621 others) under the Purchase Agreement; and

- VMF owns the Loan and all rights and documents attendant or related thereto.

Motion, Ex. B.

---

[3] The Affidavit of Danielle Davis contains a typographical error: it states that the original note is in the possession of Debtor's counsel, rather than VMF's counsel. VMF corrected this in its Supplement.

-2-

As set forth below, the Court finds that the documents are authentic and admissible into evidence, and that the documents establish VMF's ownership of the Loan.

## II. DEBTOR'S RESPONSE

In his Response and Supplement, Debtor disputed the foregoing facts, but the only supporting documents Debtor submitted were VMF's court filings and discovery responses in the pre-petition state court action captioned *Vanderbilt Mortgage and Finance, Inc. v. Felipe Higadera*, CV-2008-1984, Third Judicial District Court, State of New Mexico (the "State Court Action"). Debtor provided no evidence that a party other than VMF owns the subject claim. Debtor argues that the State Court Action documents are inconsistent with the documents VMF submitted in support of the Motion, and create material fact issues preventing summary judgment. Debtor also argues that VMF's documents are not admissible in evidence, and thus cannot be the basis for granting summary judgment. Finally, Debtor argues that the statements made in the VMF Supplement are inconsistent with VMF's prior written discovery responses.

## III. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56, made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides: "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91

L. Ed. 2d (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. B.A.P. 1997).

The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990). *See also Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1539 (10th Cir.1993) ("the nonmoving party may not rest on its pleadings but must set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof."); *Otteson v. United States,* 622 F.2d 516, 519 (10th Cir.1980) (once a properly supported summary judgment motion is made, the opposing party must respond with specific facts showing the existence of a genuine factual issue to be tried); *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 335 (Bankr. D.N.M. 2008) (same).

To deny a motion for summary judgment, genuine factual issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). A mere "scintilla" of evidence will not avoid summary judgment. *Vitkus v. Beatrice Co.,* 11 F.3d at 1539. Rather, there must be sufficient evidence on which the fact finder could reasonably find for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 251; *Vitkus v. Beatrice Co.,* 11 F.3d at 1539. "[T]here is no evidence for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be

granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 249. Where a rational trier of fact, considering the record as a whole, could not find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

## IV. DISCUSSION

1. UCC §55-3-203. As an initial matter, Debtor conceded that Chase's failure to indorse the Note is not fatal to VMF's position in this matter, so long as VMF can prove that Chase transferred the Note to VMF. Response, p. 2. Debtor was right to make this concession. Under the Uniform Commercial Code, a note does not need to be indorsed to a transferee to be enforceable. NMSA 1978, § 55-3-203, *Transfer of instrument; rights acquired by transfer*, states:

> a) An instrument is transferred when it is delivered by a person other than the issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.
>
> b) Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer directly or indirectly, from a holder in due course if the transferee engages in fraud or illegality.

Official Comment 2 provides:

> Subsection (b) states that transfer vests in the transferee any right of the transferor to enforce the instrument "including any right as a holder in due course." If the transferee is not a holder because the transferor did not indorse, the transferee is nevertheless a person entitled to enforce the instrument under Section 3-301 if the transferor was a holder at the time of transfer. Although the transferee is not a holder, under subsection (b) the transferee obtained the rights of the transferor as holder. Because the transferee's rights are derivative of the transferor's rights, those rights must be proved. Because the transferee is not a

holder, there is no presumption under Section 3-308 that the transferee, by producing the instrument, is entitled to payment. The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unendorsed instrument by proving the transaction through which the transferee acquired it. Proof of a transfer to the transferee by a holder is proof that the transferee has acquired the rights of a holder. At that point the transferee is entitled to the presumption under Section 3-308.[4]

From the text of § 55-3-203 and the Official Comment, it is clear that transferees such as VMF have the right to enforce negotiable instruments without endorsement. *See Ballengee v. New Mexico Fed. Sav. & Loan Assn.*, 109 N.M. 423, 425, 786 P.2d 37, 39 (1990) (acknowledging that transferring an instrument without endorsement gives the transferee the right to enforce the instrument), citing *Hill v. Hart*, 23 N.M. 226, 234-35, 167 P. 710, 712 (1917) (decided under prior law); *Leavings v. Mills*, 175 S.W.3d 301, 309 (Tex. App. 2004); *Anderson v. Burson,* 424 Md. 232, 246, 35 A.2d 452, 461 (2011) (same). Here, VMF's possession of the Note, powers of attorney, and other documents make clear that VMF may enforce the Note. Furthermore, the powers of attorney make clear that VMF may enforce the Note to the same extent as Chase could have done before the transfer.

  2. <u>The Differences Between the Submitted Documents and the State Court Action Documents Do Not Raise a Genuine Fact Issue</u>.

    a. <u>The Purchase Agreement Copies Do Not Raise a Fact Issue</u>. Debtor argues that the differences between the copy of the Purchase Agreement supporting the Motion and the copy submitted in the State Court Action are significant enough to deny the Motion. The

---

[4] New Mexico recognizes that official comments to the Uniform Commercial Code are persuasive authority, although not binding. *See In re Anthony,* 114 N.M. 95, 98, 835 P.2d 811, 814 (1992), citing *First State Bank at Gallup v. Clark*, 91 N.M. 117, 119, 570 P.2d 1144, 1146 (1977); *Credit Institute v. Veterinary Nutrition Corp.*, 2003-NMCA 010, ¶34, 133 N.M. 248, 255, 62 P.3d 339, 346 (2002), citing *White Forest Prods., Inc. v. First Nat'l Bank*, 2002-NMCA-079, ¶ 11, 132 N.M. 453, 50 P.3d 202 (2002).

Court disagrees. The copies are identical except for the lack of exhibits in the copy supporting the Motion. Given that the exhibits are the incomplete, unsigned forms of closing documents, and that VMF submitted the signed, final versions of the closing documents in support of the Motion, the difference between the two Purchase Agreement copies is not material, and no fact issue is raised.

Debtor also argues that the Purchase Agreement has a blank space on page 18, and some "obvious changes" on page 19. Response, p. 4. These items raise no fact issues. The "obvious changes" on page 19 appear to be nothing more than highlighting. The blank space on page 18 appears to be the result of word processing formatting. Debtor did not provide any evidence that either item relates to this bankruptcy case or affects Chase's sale of the Loan to VMF, so there is no material fact issue.

    b. <u>The Differences Between the Power of Attorney Copies Is Not Material</u>. Debtor points out that VMF attached to its complaint in the State Court Action a power of attorney that apparently relates to a different transaction. The error was corrected (twice) when VMF filed its two motions for summary judgment in the State Court Action, a third time when VMF filed its amended proof of claim in this case, and a fourth time when VMF filed the Motion. The fact that VMF mistakenly attached the wrong power of attorney to the complaint in the State Court Action is not material or raise a genuine fact issue.

    c. <u>The Differences Between Schedule Excerpts Does Not Raise a Fact Issue</u>. Debtor next argues that the Schedule Excerpt differs from the excerpt VMF submitted in in the State Court Action, and therefore is unreliable, so the Motion should be denied. Response, p. 10.

The argument fails. The Schedule is a spreadsheet listing detailed information on 102,622 mobile home loans. Motion, Ex. B-4; MVF Supplement (Exhibit SAA, p. 2). The Schedule is a computer file, and the Schedule Excerpt is a printout of a small portion of the Schedule, showing certain data for the Loan and about 70 other purchased loans.[5] VMF manually redacted the page to remove information about all the loans except the Loan. The earlier versions of the Schedule excerpt, filed in the State Court Action, were printed in a different format, with fewer informational fields selected. They are excerpts, however, from the same electronic document (the Schedule), and the differences do not raise a fact issue about whether Chase included the Loan in the package sold to VMF.

3. <u>There is No Fact Issue About Who the Original Lender Was</u>. Debtor argues that the Purchase Agreement identifies CMMC as the loan servicer, while the Note identifies CMMC as the lender. Response, p. 5. That argument is without merit. The Note identifies the original lender as Chase, not CMMC. *See* pp. 1, 4, and 6 of the Note. There is a consumer credit contract disclosure "box" at the end of the Note that identifies CMMC as the "lender," but given the Note terms as a whole, as well at the Purchase Agreement and related documents among Chase, CMMC, and MVF, this single, minor mis-identification does not raise a material fact issue. In any event, CMMC signed a power of attorney in favor of VMF, transferring to VMF any rights CMMC may have had in the Loan. Motion, Ex. B-1(b). To the extent CMMC has any ownership rights in the Loan, which is doubtful, it transferred those rights to VMF.

4. <u>The "Best Evidence" Rule Does Not Bar Admissibility of VMF's Supporting</u>

---

[5] VMF Supplement, (Exhibit SAA, p. 1).

Documents. Debtor argues that VMF's Schedule Excerpt and other submitted documents are not admissible in evidence at trial under the "best evidence" rule,[6] so there is insufficient factual support for the Motion. Response, p. 11. The argument fails.

As set forth above, the Schedule is a computer spreadsheet, and the Schedule Excerpt is a small portion of the spreadsheet. The Schedule Excerpt is an original document, as defined in the Federal Rules of Evidence:

> For electronically stored information, "original" means any printout-or other output readable by sight-if it accurately reflects the information.

Fed. R. Evidence 1001(d). *See also* 31 Wright & Gold, *Federal Practice and Procedure: Evidence* §7166 ("Rule 1001(3) bestows 'original' status upon printouts and any other form of computer output readable by sight"); *McCormick on Evidence* §235 (6th ed. 2005) (Rule 1001(3) provides that any printout of data stored in a computer is an original if shown to reflect the data accurately).

Even if the Schedule Excerpt were considered a "duplicate"[7] rather than an "original," Fed. R. Evidence 1003 allows the admission of a duplicate to the same extent as an original, thus satisfying the "best evidence" rule, "unless a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the duplicate." Fed. R. Evid. 1003. The Court does not find any genuine issue about the authenticity of any of the documents, nor does the Court think it unfair to admit duplicates of them, for the reasons set out above.

    5.    <u>VMF's General Counsel is Qualified to Authenticate VMF's Documents</u>. Debtor

---

[6] Federal Rule of Evidence 1002. The Federal Rules of Evidence apply in contested matters such as this one. Bankruptcy Rule 9017.

[7] The term "duplicate" means "a counterpart produced by a mechanical, photographic, chemical, electronic, or other equivalent process or technique that accurately reproduces the original." Fed. R. Evid. 1001(e).

argues that VMF's general counsel is not qualified to lay a foundation for the admission of the documents on which VMF relies. Response, p. 12; Debtor Supplement, p. 1. The Court disagrees. Fed.R.Civ.P. 56(c)(4) requires that affidavits "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." In his affidavit Mr. Tyser avers that:

--He is over the age of eighteen years;

--He is of sound mind;

--He is fully competent to make the affidavit;

--He has personal knowledge of the matters set forth in his affidavit, unless otherwise expressly stated;

--He is the general counsel for VMF;

--His office maintains and has control of the original legal documents evidence the sale of the Loan from Chase to VMF; and

--He is the custodian of the original loan sale documents, including each of the documents submitted with his affidavit.

Motion. Ex. B.

To authenticate documents, Fed. R. Evid. 901 requires a "witness with knowledge" who can testify that "an item is what it is claimed to be." The general counsel's testimony as the custodian of VMF's records is sufficient to satisfy Federal R. Evidence 901 and authenticate the documents. *See Augustson v. Holder*, 728 F. Supp. 2d 1279, 1283-84 (D.N.M. 2010) (affidavit testimony of custodian of movant's records sufficient to authenticate documents submitted in support of summary judgment), citing *Ortiz v. Wingard*, 173 F. Supp. 2d 1155, 1163 (D.N.M. 2001); *Lumiere (Rights) Ltd. v. Baker & Tyler, Inc.*, 116 F.3d 484 (Table), at *2 (9th Cir. 1997).

-10-

*See also* 10A Wright & Kane, *Federal Practice and Procedure, Civil 3d* § 2722 at 384 (note 41 and accompanying text).

Mr. Tyser's affidavit makes clear that under Fed.R.Civ.P. 56(c)(4) and Fed. R. Evid. 901 he can authenticate the submitted documents.[8]

      6.    <u>The Key VMF Documents are Not Hearsay</u>.  In his Supplement, Debtor argues that the documents VMF relies upon are inadmissible hearsay.  Debtor Supplement, p. 2.  The objection is overruled.  The key loan and/or loan purchase documents are not hearsay, but constitute acts of independent legal significance.  *See Cagle v. The James Street Group,* 400 Fed. Appx. 348 (10th Cir. 2010); (a contract is not hearsay; it constitutes an act of legal significance, not a "statement" offered for its truth); *McCormick on Evidence* § 249 (6th ed.) (to the same effect); Binder, *Hearsay Handbook 4th* § 2 (Assertion with Direct Legal Significance) (same); *In re Vargas*, 396 B.R. 511, 519 (Bankr. C.D. Cal. 2008) (a promissory note is not hearsay); *Remington Invs., Inc. v. Hamedani*, 55 Cal. App. 4th 1033, 1042, 64 Cal. Rptr. 2d 376 (1997), *review denied,* September 17, 1997, *cert denied*, 523 U.S. 1004 (1998) ("a promissory note document itself is not a business record as that term is used in the law of hearsay, but rather is an operative contractual document admissible merely upon adequate evidence of authenticity"); *Stuart v. UNUM Life Ins. Co. of America*, 217 F.3d 1145, 1154 (9th Cir. 2000) (insurance policy is excluded from the definition of hearsay and is admissible evidence because it is a legally operative document that defines the rights and liabilities of the parties).

The exception to this may be the payment history of the subject Loan.  This payment

---

[8] Debtor also objects that Mr. Tyser does not have personal knowledge of the facts set out in his affidavits.  Debtor Supplement, p. 6.  The Court finds that, for the limited matters Mr. Tyser testifies about other than authenticating documents, he has either laid a sufficient foundation to establish personal knowledge, or the matters averred to are not material to the Court's decision.

history, however, comes within the business records exception of the hearsay rule, Fed. R. Evid. 803(6). The Affidavit of Danielle Davis, doc. 55-1, p. 3, laid the foundation for admission of this document under the business records exception.[9]

## V. CONCLUSION

Debtor has been litigating with VMF since 2008 about ownership of the Loan. In that time, Debtor has obtained no evidence that a third party owns the Loan. It is undisputed that Debtor has made payments to VMF for the last several years, that VMF's lien is notated on the mobile home title, and that VMF is named as an additional insured on the insurance policy insuring the mobile home. Further, VMF has produced substantial, credible evidence that it owns the Loan, including undisputed evidence that it holds the original Note. While VMF made a few mistakes in proving ownership in the State Court Action, by and large VMF's evidence of ownership is credible, substantial, and uncontradicted. At this stage, and in light of VMF's evidence, Debtor must do more than try to question the quality of VMF's evidence to raise a genuine fact issue about ownership.

The Motion will be granted. This Memorandum Opinion shall constitute the Court's findings of fact and conclusions of law under Rule 7052, Fed. R. Bankr. P. An appropriate order allowing VMF's Proof of Claim will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered on the docket: November 15, 2012.

---

[9] This record is not crucial, because the amount of VMF's claim is not in dispute.

Copies to:

Susan Crawford
150 Washington Ave., Suite 150
Santa Fe, NM 87501

Mina Ortega
600 E. Montana, Suite D
Las Cruces, NM  88001

Kelley L. Skehen
620 Silver Ave., SW, Suite 350
Albuquerque, NM 87102